## MORA v. STATE OF INDIANA.

### [No. 24,136.    Filed April 4, 1923.]

1. HOMICIDE.—*Assault with Intent to Kill.—Self-Defense.—Evidence that Prosecuting Witness was Without Weapon.—Admissibility.*—In a prosecution for assault and battery with intent to kill, where defendant claimed that he acted in self-defense when attacked by the prosecuting witness, a fellow employe, with a butcher knife, it was not error to permit other employes, who came to the scene of the affray immediately thereafter, to testify that they did not see any knife or revolver about the person of the prosecuting witness, or in the room in which the assault took place, at that time, or to testify generally that they had never seen him with a butcher knife or revolver in his possession.   p. 89.

2. CRIMINAL LAW.— *New Trial.— Grounds.— Cumulative Evidence.*—The court on appeal will not disturb the sound discretion of the trial court in denying a motion for a new trial on the ground of newly-discovered evidence, where such evidence is merely cumulative and of a character that would not probably change the result.   p. 89.

3. CRIMINAL LAW.—*Assault with Intent to Kill.—Instructions.—Ignoring Self-Defense.—Cure by other Instructions.*—In a prosecution for assault and battery with intent to kill, where defendant claimed self-defense, an instruction which, after quoting §2240 Burns 1914, Acts 1905 p. 584, §352, defining assault and battery with intent to commit a felony, stated that the killing of any human being is a felony, was not erroneous as ignoring the idea of self-defense, where all the instructions read together fully protected defendant's rights in that behalf. p. 90.

4. CRIMINAL LAW.—*Evidence.—Inferences.—Instructions.*—In a criminal prosecution, an instruction that intent may be inferred from the evidence if there are any facts proved which satisfy the jury of the existence of such intent, is not objectionable as authorizing an inference from an inference; and, even if construed as erroneous in that regard, the error was cured, where another instruction given at defendant's request expressly stated that one inference or presumption cannot be based upon another inference or presumption.  p. 90.

From St. Joseph Circuit Court; *Walter A. Funk,* Judge.

Prosecution by the State of Indiana against Tony

Mora. From a judgment of conviction, the defendant appeals. *Affirmed.*

*Shively, Gilmer, Arnold and Doran* and *Dudley M. Shively,* for appellant.

*U. S. Lesh;* Attorney-General, and *Mrs. Edward Franklin White,* Deputy Attorney-General, for the State.

Townsend, J.—Appellant was convicted of assault and battery with intent to kill. He and his victim, both Italians, were common laborers in a gas plant at the city of South Bend. On Sunday morning, May 29, 1921, while prosecuting witness was working in the generator room at this plant, appellant approached him and fired three shots from a 32-caliber revolver, two of which took effect, one in the groin and the other in the leg just above the knee. The third struck a wheelbarrow which prosecuting witness had loaded with cinders and was about to remove from the room. It is claimed by the appellant that he was acting in self-defense; that the prosecuting witness was assaulting him with a butcher knife at the time the shots were fired. The evidence shows that appellant was a suitor of the sister of the wife of the prosecuting witness, and appellant claims that the prosecuting witness had threatened to kill him and the sister-in-law if he did not cease his attentions. In this he is corroborated by the prosecuting witness' sister-in-law, who, between the date of the assault and the date of the trial of this case, became appellant's wife; and is also corroborated by the father-in-law and mother-in-law. Prosecuting witness denied that any such threats were ever made; that he had any interest in, or was in any way interfering with, his sister-in-law's affairs of the heart. His version of the trouble was that he had a dispute with his father-in-law and mother-in-law about a debt of twelve dollars which he claimed and which they refused to pay.

Immediately after the shooting, employes, who were in another part of the gas plant, came into the generator room, took care of the victim and assisted in

1. getting him into an ambulance to go to the hospital. They were permitted to testify that they did not see any butcher knife or revolver about the person of the prosecuting witness, or in the room, at that time. And one of them was permitted to testify generally that he never had seen the prosecuting witness with a butcher knife or revolver. His testimony further disclosed that he had known the prosecuting witness for about three months as an employe of the gas company. Now appellant claims that it was error to allow the state to prove this negative. This was not error. Prosecuting witness had said that he did not have a knife or revolver. Appellant was claiming that the prosecuting witness was pursuing him with a butcher knife. It is competent to prove by those who have an opportunity to observe, that they did not see that which they would in all probability have seen, had the fact been as some other witness claims.

. Appellant next claims error because the state in cross-examination of him attempted to lay the ground for impeachment on a matter wholly immaterial. We have examined the objections in the transcript and find no sufficient objection made and no exception saved. In other words, appellant did not present to the trial court exactly what he is attempting to present here. Wherever he did so object his objection was sustained.

Appellant next claims that his newly-discovered evidence was a sufficient reason for a new trial. It is

2. merely cumulative and is of a character that would not, probably, change the result. With this view of it, it is not our province to disturb the sound discretion of the trial court.

Appellant next complains of the court's instruction

No. 2, which quoted §2240 Burns 1914, Acts 1905 p. 584, §352, and then said: "I will state in this connection that the killing of any human being is a felony." The trial court is not required to stop and limit every word used in every instruction given to a jury. Any such effort as that would so muddle instructions that they would not be understandable. The complaint about this instruction is that it ignores the idea of self-defense; but when all of the instructions that the court gave are read, appellant's rights in this behalf are fully protected and the jury must have had a clear understanding of the law applicable to the case.

Appellant next complains of the court's instruction No. 7, because it told the jury that intent "may be inferred from the evidence if there are any facts proven which satisfy the jury of the existence of such intent." The objection to this language of the court being that it authorized an inference from an inference. The language is not open to this objection, and, if it were, the jury was clearly told by an instruction, which the court gave at the request of appellant, that the jurors should bear in mind that one inference or presumption cannot be based upon another inference or presumption.

Appellant claims error in other instructions, but all of his claims are of the character of those that we have heretofore indicated, and it will serve no good purpose to prolong this opinion by discussing them. We have fully examined the evidence and all the instructions of the court. We find the evidence quite conclusive of guilt, and find that the appellant's rights were fully and fairly protected by the instructions given.

The judgment of the trial court is affirmed.